**UNITED STATES COURT OF APPEALS**

**April 28, 2008**

**TENTH CIRCUIT**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DANIEL NATHAN STARR,

     Defendant-Appellant.

No. 07-2278
(D.C. Nos. 6:05-CV-01170-MV-DJS
and 2:97-CR-00420-HB)
(D. N.M.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Daniel Nathan Starr, a federal prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 motion. For substantially the same reasons set forth by the district court, we deny a COA and dismiss the appeal.

Starr was convicted of four counts of assault and aggravated sexual abuse and sentenced to twenty years in prison. In 1999, this court affirmed his conviction and sentence on appeal. United States v. Starr, No. 98-2065, 1999 WL 178549 (10th Cir. Apr. 1, 1999) (unpublished).

In November 2005, Starr filed a § 2255 application for habeas relief. In his amended application, he claimed actual innocence of the crimes for which he was convicted, ineffective assistance of counsel, withholding of exculpatory evidence by the government, lack of federal subject matter jurisdiction under the Indian Major Crimes Act, and that the original indictment was defective on its face. Because Starr filed his application after the expiration of § 2255's one-year limitation period, the district court ordered him to show cause why his motion should not be dismissed as untimely.

Starr responded that because he claimed actual innocence, dismissal of his motion would cause a fundamental miscarriage of justice. Specifically, he asserted that new evidence proved that he was innocent. Finding that the allegedly new evidence could have been discovered before trial, the court declined to toll the statute of limitations and dismissed his petition as untimely. Starr then filed this timely request for COA.[1]

---

[1] A petitioner may not appeal the denial of habeas relief under § 2255 without a COA. § 2253(c)(1)(B). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Starr to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court did not rule on whether to grant a COA, we assume it was denied. 10th Cir. R. 22.1(C). Accordingly, Starr may not appeal the district court's decision absent a grant of a COA by this court.

Starr argues that he is entitled to equitable tolling of the limitations period because he is actually innocent of his crimes of conviction, as indicated by newly discovered evidence. According to Starr, he recently discovered that the victim told Starr's mother, aunt, and defense counsel that he was not responsible for the assault.[2]

Under certain circumstances a claim of actual innocence may be a ground for equitable tolling of the limitations period. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) ("AEDPA's one-year statute of limitations is subject to equitable tolling but only in rare and exceptional circumstances . . . for example, when a prisoner is actually innocent." (quotation omitted)). To establish actual innocence, a petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995) (remanding a state prisoner's federal habeas petition for consideration of an actual innocence claim notwithstanding petitioner's procedural default); see also Bousley v. United States, 523 U.S. 614, 623 (1998) (applying the Schlup standard to a federal prisoner's § 2255 motion).

---

[2] The limitations period runs, at the latest, from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Although Starr claims that he only "recently" learned of this evidence, he has not provided the exact date upon which he discovered this evidence, nor attempted to explain why he could not have obtained this information from his family members or former counsel at an earlier date through diligent efforts. Accordingly, we cannot apply this exception to the period of limitations.

Starr argues that no reasonable juror would have convicted him if evidence of the victim's statements had been presented at trial. He asserts that "[t]his evidence was not available until after the trial, or defense counsel did not disclose the evidence at [trial]." Starr admitted in his petition before the district court, however, that the victim's statements occurred before his trial. Accordingly, the district court correctly found that this evidence was available before trial, and in fact had been discovered by defense counsel. Thus Starr's claim is not based on "new" evidence, but rather on evidence that could have been presented at trial. Any failure by counsel to adduce this evidence is more properly characterized as a claim for ineffective assistance of counsel, and such a claim is barred by the applicable limitations period. § 2255(f).

We conclude that reasonable jurists could not debate the district court's dismissal of the petition as time barred, and Starr's request for a COA is therefore **DENIED**. Starr's motion to proceed on appeal in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

- 4 -